UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESIMONE, AVILES, SHORTER & OXAMENDI, LLP,<br><br>      Plaintiff,<br><br>vs.<br><br>YORK CLAIMS SERVICE, INC.,<br><br>  Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>COLONIAL COOPERATIVE INSURANCE COMPANY and STEPHEN MUEHLBAUER,<br><br>    Third-Party Defendants. | CIVIL ACTION NO. 07-7043 (DLC)<br><br>ANSWER ON BEHALF OF THIRD-PARTY DEFENDANTS<br><br>THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED |

Defendants Colonial Cooperative Insurance Company and Stephen Muehlbauer (hereinafter "Colonial Cooperative" and "Muehlbauer" or collectively "Third-Party Defendants"), by and through their attorneys Gleason, Dunn, Walsh & O'Shea, as and for an Answer to Defendant and Third-Party Plaintiff's (hereinafter "Third-Party Plaintiff") complaint allege upon information and belief, as follows:

1. With respect to paragraphs "5", "12", "13", "15", "20", "21", "22", "23", "24", "26", "27", "28", "29", "30", "31", "33", "34", "36", "37", "38", "39", "40", "41", "42", "43", "45", "46", "47" and "48" of the Third-Party Plaintiff's complaint, Third-Party Defendants deny the allegations contained in said paragraphs.

2. With respect to paragraph "2" of the Third-Party Plaintiff's complaint, Third-Party Defendants admit the allegations contained in said paragraph.

1

3. With respect to paragraphs "1", "4", "9", "10", "11" and "18" of the Third-Party Plaintiff's complaint, Third-Party Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraphs.

4. With respect to paragraph "6", "7", "8" and "14" of the Third-Party Plaintiff's complaint, Third-Party Defendants refer to said document as the best evidence of the contents thereof, and deny the remaining allegations contained in said paragraph.

5. With respect to paragraph "3" of the Third-Party Plaintiff's complaint, Third-Party Defendants admit that Muehlbauer is Colonial Cooperative's Vice President, Claims, that Muehlbauer resides at 6 Burnham Place, Fair Lawn New Jersey 07410 and deny the remaining allegations contained in said paragraph.

6. With respect to paragraph "16" of the Third-Party Plaintiff's complaint, Third-Party Defendants admit that Muehlbauer resigned from York and joined Colonial Cooperative as Vice President, Claims. Third-Party Defendants further admit that on or about August 24, 2006 Colonial Cooperative terminated the Claims Service Agreement and established November 30, 2006 as the Conversion Cutoff Date. Third-Party Defendants deny the remaining allegations in said paragraph.

7. With respect to paragraph "17" of the Third-Party Plaintiff's complaint, Third-Party Defendants admit Colonial Cooperative has not paid service company fees for August, September, October and November, 2006, refer to the Claims Service Agreement as the best evidence of the contents thereof, and deny the remaining allegations contained in said paragraph.

8. With respect to paragraph "19" of the Third-Party Plaintiff's complaint, Third-Party Defendants admit that certain files were returned and that Third-Party Plaintiff has refused to

manage such claims pursuant to the Claims Service Agreement, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph.

9. With respect to paragraph "25" of the Third-Party Plaintiff's complaint, Third-Party Defendants admit that the Claims Service Agreement is a valid and enforceable contract and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

10. With respect to paragraph "32" of the Third-Party Plaintiff's complaint, Third-Party Defendants admit that Muehlbauer knew about the Claims Service Agreement, refer to said document as the best evidence of its content, and deny the remaining allegations in said paragraph.

11. With respect to paragraph "35" of the Third-Party Plaintiff's complaint, Third-Party Defendants deny said allegations in said paragraph as a question of law to be decided by the Court.

12. With respect to paragraph "44" of the Third-Party Plaintiff's complaint, Third-Party Defendants deny said allegations in said paragraph as a question of law to be decided by the Court and refer to the Claims Service Agreement as the best evidence of the contents thereof.

13. Third-Party Defendants deny each and every allegation in the Third-Party Complaint not specifically and expressly admitted herein.

14. Each Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of any allegations not specifically pertaining to that particular Defendant.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. Third-Party Plaintiffs are seeking to litigate in this action claims and issues which Third-Party Plaintiffs have agreed are subject to mandatory arbitration in Kingston, New York and such third-party claims are barred by an agreement to arbitrate.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. There is another action pending with respect to Third-Party Plaintiffs' claims and Third-Party Defendants' demand and Third-Party Defendants request that the Court issue an order in aid of arbitration compelling Third-Party Plaintiffs to arbitrate the claims sought to be interposed in the instant action. (Colonial Cooperative Insurance Company and Stephen Muehlbauer v. York Claims Service, Inc., Ulster County Index No. 06-4214).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. The Court lacks personal jurisdiction over either of the Third-Party Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. The Third-Party Complaint and each of the claims asserted therein fails to state a cause of action under New York Law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. The claims sought to be imposed by the Third-Party Plaintiffs herein are already the subject of an arbitration before the American Arbitration Association (AAA Case No. 15 195 00971 06; Claimant: Colonial Cooperative Insurance Company; Respondent: York Claims Service, Inc.).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. The Third-Party Plaintiffs are barred from objecting that a binding agreement to arbitrate exists as a result of the application of CPLR 7503 and the Third-Party Plaintiffs failure to object to or seek to stay a demand for arbitration within twenty days of the service thereof.

**WHEREFORE**, Third-Party Defendants request that Third-Party Plaintiff's Third-Party Complaint be dismissed in its entirety, together with the fees and disbursements in connection with this action and for such other and further relief as to the Court may seem just and appropriate.

Dated: Albany, New York  
October 9, 2007

Yours, etc.,

**GLEASON DUNN, WALSH & O'SHEA**

BY: _____  
Aron Z. Karabel, Esq.  
Bar Roll No. AK0616  
Attorneys for Third-Party Defendants  
Office and Post Office Address  
40 Beaver Street  
Albany, New York 12207  
(518) 432-7511